<h1 style="text-align:center">IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA</h1>

**FILED**

**July 31, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MICHAEL H.,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-464**　(Fam. Ct. Hampshire Cnty. Case No. FC-14-2025-D-38)

**LEAH H.,**
**Respondent Below, Respondent**

<h2 style="text-align:center">MEMORANDUM DECISION</h2>

Petitioner Michael H.[1] ("Father") appeals the Family Court of Hampshire County's divorce order entered November 7, 2025, which allocated Father less than equal 50-50 custodial allocation. Both Respondent Leah H. ("Mother") and the Guardian ad Litem ("GAL") filed a response in support of the family court's order.[2] Father did not file a reply.[3]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. For the reasons set forth below, a memorandum decision vacating the decision and remanding to the family court for further proceedings is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The parties were married in Frederick County, Virginia on September 15, 2016. They share three children, born in 2018, 2020, and 2022. The parties last lived together in

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Father was represented by Cinda L. Scales, Esq. Mother is represented by G. Kevin Judy II, Esq. The GAL is Nicholas T. James, Esq.

[3] Following the notice of appeal, the GAL filed a motion to withdraw with this Court on December 9, 2025. The Court denied this motion by order entered December 12, 2025. On February 4, 2025, Mother's attorney filed a motion for appellate attorney's fees. The GAL also filed a motion for fees and expenses by a motion entered February 5, 2026. Lastly, Father's attorney filed a motion to withdraw as counsel on April 7, 2026, and said motion was granted by this Court on April 9, 2026.

Hampshire County, West Virginia on or about February 27, 2025. Father filed a domestic violence petition in Hampshire County magistrate court on March 3, 2025, and filed a petition for divorce on March 17, 2025. The family court held an initial hearing on the domestic violence petition on March 18, 2025. The court found that Father had proved by a preponderance of the evidence that Mother had committed domestic violence, granted Father a ninety-day protective order, and set a parenting schedule for the parties' children.

The family court held a final hearing on the domestic violence petition on May 27, 2025. The family court found that Father was not a victim of domestic violence and dismissed the domestic violence protective order. The court also found that the parties agreed to include injunctive relief in the temporary order in the pending divorce action. During this time, Mother was receiving parenting time three days per week from Sunday at 6:00 p.m. through Wednesday at 6:00 p.m. and Father was receiving parenting time on the remaining four days. The eldest child was being homeschooled by Mother during this time.

The family court appointed a GAL for the children by an order entered September 8, 2025. The GAL provided a report to the family court on October 8, 2025, recommending that the parties have an equal custodial schedule and that the eldest child remain in homeschooling based on the parties' previous agreement. The family court held a final divorce hearing on October 14, 2025.

By final order entered November 7, 2025, the court granted the parties a divorce, and addressed allocation of custodial responsibility, child support, equitable distribution, spousal support, and attorney's fees. As reflected in this final order, based upon the GAL's testimony at the October 14, 2025, hearing, without either party testifying, the court granted the parties "joint decision-making responsibility for the children." Further, the court ordered that if the parties could not agree on how the children would be educated, public school would be the default solution. The court ordered Mother to enroll the eldest child in public school in Hampshire County by January 1, 2026, and that the child receive all legally necessary vaccinations to attend public school.[4]

By that same order, the court granted Father less than equal allocation of custodial responsibility of the children. The court granted Father custodial time with the children three weekends per month from Friday at 6:00 p.m. until Sunday at 6:00 p.m. Further, the court ordered that if the children did not have school on Fridays or Mondays during Father's weekend time, Father would also be allocated custodial responsibility on those days. The court also granted Father custodial responsibility of the children during the full

---

[4] Father had asserted during the October 14, 2025, hearing that he would not be able to get the child to and from school in Hampshire County from his home in Jefferson County due to his work responsibilities.

week of Spring Break, two non-consecutive weeks in June, three weeks in July, and two non-consecutive weeks in August. It is from this order that Father now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

The Supreme Court of Appeals of West Virginia ("SCAWV") has held that "[q]uestions relating to . . . custody of the children are within the sound discretion of the [family] court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syl., in part, *Nichols v. Nichols,* 160 W. Va. 514, 236 S.E.2d 36 (1977). Further, in "custody matters, we have traditionally held paramount the best interests of the child." Syl. Pt. 5, in part, *Carter v. Carter,* 196 W. Va. 239, 470 S.E.2d 193 (1996). Mindful of these principles, we consider Father's lone assignment of error.

Father argues that the family court erred by failing to maximize his custodial allocation with the children, including failing to order an equal custodial schedule with the children attending public school in Jefferson County, and ignoring the limiting factor of domestic violence. Father alleges that Mother failed to rebut the presumption of equal parenting time and that the court failed to construct a parenting time schedule which maximized the time each parent has the child. We find that the family court's order is insufficient for appellate review.

Pursuant to West Virginia Code § 48-9-102a, equal custodial allocation is presumed to be in the best interest of the children, but that presumption is rebuttable. Further, West Virginia Code § 48-9-206(a) (2022) requires that "[u]nless otherwise resolved by agreement of the parents under § 48-9-201 . . . or unless harmful to the child, the court shall allocate custodial responsibility so that, except to the extent required under § 48-9-209 . . . , the custodial time the child spends with each parent shall be equal (50-50)." It is the burden of the party who opposes the allocation of equal custodial time to rebut the 50-50 presumption. *See Jesse C. v. Veronica C.*, No. 23-ICA-169, 2024 WL 1590468, at *3 (W. Va. Ct. App. Feb. 8, 2024) (memorandum decision). This Court has previously explained this rebuttable presumption as follows:

3

This statute presumes equal (50-50) parenting time for both parents unless the parties agree otherwise. This presumption may be rebutted if the family court finds by a preponderance of the evidence that the arrangement would be harmful to the child, or a provision of West Virginia Code § 48-9-209(f) (2022) requires a different custodial allocation. West Virginia Code § 48-9-206(d) requires that a determination of custodial allocation in a final permanent parenting plan order be based on the presentation of evidence and include specific findings of fact and conclusions of law supporting the determination.

*Jonathon F. v. Rebekah L.,* 247 W. Va. 562, 563, 883 S.E.2d 290, 291 (2023). West Virginia Code § 48-9-102a also requires that "[i]f the presumption is rebutted, the court shall, absent an agreement between the parents as to all matters related to custodial allocation, construct a parenting time schedule which maximizes the time each parent has with the child and is consistent with ensuring the child's welfare."

Based on the record before us, the parties did not have an agreed parenting plan, and the family court granted Father less than equal allocation of custodial responsibility; however, the family court made no findings of fact or conclusions of law to justify, or explain, its decision to deviate from equal custodial allocation. "[A] deviation from the 50-50 presumption must be sufficiently explained and justified by the family court in its order." *Kane M. v. Miranda M*., 250 W. Va. 701, 705, 908 S.E.2d 198, 202 (2024); *see also* W. Va. Code § 48-9-206(d) (2022) (mandating that the family court make specific findings of fact and conclusions of law when there is a deviation from equal (50-50) custodial allocation). Moreover, the family court failed to address whether Mother rebutted the presumption of equal custodial allocation.

As the order on appeal is insufficient, this Court must vacate the order and remand the matter to the family court for the entry of a new order that meets all statutory requirements. Specifically, the family court must conduct a thorough analysis and justify its decision through findings of fact and conclusions of law. Upon remand, the family court may reach the same conclusion. However, we note that if any party has sought more than equal custodial allocation, that party has the burden of rebutting the presumption that equal custodial allocation is in the best interests of the children.

Accordingly, the November 7, 2025, final divorce order of the Family Court of Hampshire County, as it pertains to custodial allocation only, is vacated, and this matter is remanded to the family court for the entry of an order with sufficient findings of fact and conclusions of law justifying its ruling. Those portions of the November 7, 2025, final order addressing custodial allocation are converted into a temporary order to remain in effect until the family court enters a new final order. Further, on remand, we instruct the family court to address Mother and the GAL's requests for appellate attorney's fees.

4

Vacated and Remanded.

**ISSUED:** July 31, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White